IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RHODES, | : | Civil No. 1:12-CV-1956 |
| Plaintiff, | : | |
| v. | : | (Judge Jones) |
| JOHN WETZEL et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of The Case

This case, which comes before the Court for a third screening review, is a *pro se* civil rights case that was brought Robert Rhodes, a state prisoner, through the filing of a civil complaint on October 1, 2012. (Doc. 1.) Rhodes' initial complaint named ten corporate and individual defendants. These defendants included: (1) Corizon Health Inc., the prison corporate health care provider; (2) three supervisory defendants, John Wetzel, the Secretary of the Department of Corrections, Laura Harry, the superintendent at the State Correctional Institution (SCI) Camp Hill., and Ed Shoop, who was the Medical Contractor Director for Corizon, Inc., as well as (3) six individual correctional officers at SCI Camp Hill.

While he initially identified these ten corporate and individual defendants in the caption of this case, Rhodes' pleading never made any further specific factual

references to the supervisory or corporate defendants in the body of this pleading. (Id.) Thus, Rhodes' complaint contained no specific, and well-pleaded factual allegations relating to these prison supervisors, or Corizon Health, Inc. Instead, Rhodes' factual recital in this complaint pertained solely to the six SCI Camp Hill correctional staff named in the complaint who were alleged to have verbally threatened and harassed him, denied him meals and other necessities, and retaliated against him in a variety of ways during August and September of 2012. On the basis of these assertions, the plaintiff sought wide-ranging relief from all ten defendants, including injunctive relief, as well as compensatory and punitive damages. (Id.)

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 8.) On February 13, 2013, we recommended dismissal of the corporate and supervisory defendants, finding that Rhodes had failed to state a claim against these defendants, but recommended that Rhodes be given leave to amend his complaint to include proper, well pleaded allegations that met the threshold for supervisory liability. (Doc. 22.) The district court adopted this recommendation, (Doc. 27.) and dismissed Rhodes' complaint without prejudice to the filing of an amended complaint.

Rhodes then filed an amended complaint. (Doc. 26.) A screening review of this document revealed that it, too, failed to allege well-pleaded facts in support of

many of his claims. Moreover, the amended complaint contained none of the factual allegations that were set forth in the original complaint, and did not name any of the correctional officers who were originally alleged to have verbally threatened and harassed Rhodes, denied him meals and other necessities, and retaliated against him in a variety of ways during August and September of 2012, as defendants. Instead, Rhodes complained about the presence of asbestos in the prison, a new and wholly unrelated allegation, made vague references to psycho tropic medications, asserted without any further detail that he was being harassed by unnamed persons, and stated that prison supervisors were aware of his difficulties because he had written to them previously. (Id.)

Given the enigmatic and shifting quality of this pleading, upon a second screening review of this complaint, we recommended that the Court also dismiss this amended complaint without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acted promptly after the entry of any dismissal order. (Doc. 30.) On May 13, 2013, the district court adopted this report and recommendation, and dismissed Rhodes' amended complaint without prejudice to Rhodes attempting to "file a second amended complaint within thirty (30) days of the date of this Order." (Doc. 35.) Rhodes subsequently sought, and

received, and extension of time until July 1, 2013, to amend his complaint, (Doc. 38.), but has failed to take any timely action to cure the defects in these pleadings.

On these facts, it is now recommended that this case be dismissed with prejudice.

## II. Discussion

In this case, Rhodes was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed as to some defendants without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704

(3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of August 2013.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge