IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RHODES, | : | 1:12-cv-1956 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### September 13, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 41) filed on August 26, 2013 recommending that *pro se* Plaintiff Robert Rhodes' ("Plaintiff" or "Rhodes") complaint be dismissed with prejudice. Objections to the R&R were due by September 12, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

**I.     STANDARD OF REVIEW**

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

In the instant matter, Magistrate Judge Carlson recommends that this action be dismissed with prejudice due to Rhodes failure to file a second amended complaint within the time period allotted by the Court. For the reasons that follow, we agree.

The initial complaint (Doc. 1) and the first amended complaint (Doc. 26) contain wildly differing factual allegations. The initial complaint named three prison supervisors, Corizon Health, Inc., and six correctional staff, alleging the correctional staff denied him meals and otherwise harassed him in August and September of 2012. The initial complaint contained no specific factual allegations against the prison supervisors or Corizon Health, Inc. Therefore, the complaint was dismissed and Rhodes was given leave to amend. (Doc. 27).

Rhodes' amended complaint does not name any of the correctional officers who allegedly denied him meals in the initial complaint. Instead, the amended complaint contains allegations of asbestos in the prison, vague references to psychotropic medications, and harassment by unknown persons. The amended complaint was dismissed for failure to allege well-pleaded facts to support Rhodes' claims. (Doc. 35). Rhodes was given leave to correct the deficiencies within thirty days which was then extended, at Rhodes' request, until July 1, 2013. (Doc. 38). To date, no second amended complaint has been filed.

District courts have the discretion to dismiss a complaint with prejudice when a *pro se* plaintiff fails to amend his complaint in accordance with the Federal Rules of Civil Procedure. *Pruden v. SCI Camp Hill*, 252 F.App'x 436, 438 (3d Cir. 2007). As explained by Magistrate Judge Carlson, Rhodes has been given ample

opportunity to amend his complaint, and has failed to do so. Through his inaction, this opportunity has been forfeited.

As we have already mentioned, Plaintiff has not filed objections to this R&R. In fact, it appears abundantly clear that Rhodes has abandoned this litigation. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.